# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Wesley G. Cook,**
**Claimant Below, Petitioner**

**vs.)**    **No. 21-0928**    (BOR Appeal No. 2056650)
                                (Claim No. 2019003123)

**Arch Coal, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wesley G. Cook appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Arch Coal, Inc. filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted a 3% permanent partial disability award on July 12, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 20, 2021, order. The order was affirmed by the Board of Review on October 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On August 8, 2018, petitioner, an electrician, fell after he tripped over a cable while working in a coal mine. Petitioner's compensable injuries involved his lower left extremity, right knee, and right shoulder. While petitioner fractured his lower left leg, that injury was treated conservatively with a cast by Stanley Tao, M.D. With regard to petitioner's right knee, Dr. Tao performed arthroscopy with a partial medial meniscectomy and chondroplasty of the medial femoral condyle. Dr. Tao separately performed right shoulder arthroscopy with arthroscopic rotator cuff repair, arthroscopic acromioplasty, and bursectomy.

Petitioner was seen by Joseph E. Grady, M.D., for an independent medical evaluation on June 13, 2019. Dr. Grady found that petitioner was at maximum medical improvement. Due to no ratable criteria on Table 64 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady opined 0% impairment for the healed fracture of his lower left leg. While Dr. Grady attributed 1% impairment for the partial medial meniscectomy, he otherwise found 0% impairment for petitioner's right knee based upon range of motion findings. Finally, Dr. Grady found that there was 2% impairment involving petitioner's right shoulder due to a loss of range of motion. Dr. Grady's overall impairment rating for petitioner's compensable

---

[1]Petitioner is represented by Reginald D. Henry, and respondent is represented by James Heslep.

injury was 3% impairment. Following Dr. Grady's report, the claims administrator granted petitioner a 3% permanent partial disability award on July 17, 2019. Petitioner protested the 3% award.

Petitioner underwent an independent medical evaluation with Robert Walker, M.D., on January 24, 2020. Dr. Walker found that petitioner was at maximum medical improvement. Dr. Walker assessed 5% impairment for petitioner's lower left extremity (leg fracture). Dr. Walker next found that there was a total of 8% impairment for petitioner's right knee. However, Dr. Walker attributed 1% of that 8% impairment to degenerative changes rather than the compensable injury. Therefore, Dr. Walker opined 7% impairment for petitioner's right knee. Based upon range of motion abnormalities, Dr. Walker found that petitioner had 8% impairment with regard to his right shoulder. Dr. Walker opined that, when combined, the three impairment ratings resulted a 18% whole person impairment rating for petitioner's compensable injury.

Petitioner next saw Michael Kominsky, D.C., for an independent medical evaluation on May 29, 2020. Dr. Kominsky also found that petitioner was at maximum medical improvement. Similar to Dr. Walker, Dr. Kominsky assessed 5% impairment for petitioner's lower left extremity. Like Dr. Grady, Dr. Kominsky attributed 1% impairment for the partial medial meniscectomy (right knee). For the right shoulder, Dr. Kominsky found 5% impairment due to range of motion findings. Therefore, Dr. Kominsky's overall impairment rating for petitioner's compensable injury was 13% impairment.

Finally, petitioner underwent an independent medical evaluation with Prasadarao Mukkamala, M.D., on July 13, 2020. Dr. Mukkamala found petitioner at maximum medical improvement. Dr. Mukkamala assessed 0% impairment for petitioner's lower left extremity because there were no physical findings that would support an impairment rating. Like Drs. Grady and Kominsky, Dr. Mukkamala found that there was 1% impairment to petitioner's right knee. Dr. Mukkamala gave petitioner 3% impairment for his right shoulder for an overall impairment rating of 4%. Dr. Mukkamala specifically noted that he disagreed with Dr. Walker's findings as Dr. Mukkamala was unable to replicate any of those findings.

In its April 20, 2021, order, the Office of Judges affirmed the claims administrator's 3% permanent partial disability award based upon the report of Dr. Grady. The Office of Judges found that the findings of Drs. Walker and Kominsky were "extreme" in that they were not consistent with the other medical evidence such as the findings of Dr. Tao who operated twice on petitioner and also treated him for his lower leg fracture. Specifically, regarding Dr. Walker's report, the Office of Judges found that Dr. Walker was the only examiner who deemed it appropriate to attribute a portion of petitioner's right knee impairment to a preexisting condition (degenerative changes). Yet, as the Office of Judges noted, Dr. Walker still gave petitioner an impairment rating for his right knee that was seven times higher than any other evaluator, including Dr. Kominsky. On the other hand, the Office of Judges found that the impairment ratings of Drs. Grady and Mukkamala (which were very similar to each other) were consistent with the other medical evidence. Accordingly, the Office of Judges affirmed the claims administrator's award as supported by a preponderance of the evidence. On October 20, 2021, the Board of Review adopted

the Office of Judges' findings and affirmed its order upholding the claim administrator's award of 3% permanent partial disability to petitioner.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-1g(a) provides, in pertinent part, that when determining the amount of an award:

> [R]esolution of any issue . . . shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

*See* Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) ("Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence.") While petitioner seeks an award of 18% permanent partial disability based upon Dr. Walker's report, petitioner fails to prove that such an award is supported by a preponderance of the evidence.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

Justice C. Haley Bunn not participating.